1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT OF CALIFORNIA

10                            SOUTHERN DIVISION

11

12    CORELOGIC SOLUTIONS, LLC, a          Case No.  8:20-cv-01500-CJC (KESx)
      California limited liability company;
13    and MARSHALL &                        ORDER RE
      SWIFT/BOECKH, LLC, a Delaware         STIPULATED PROTECTIVE
14    limited liability company,            ORDER

15                    Plaintiff,
             vs.
16
      GEOSPAN CORPORATION, a
17    Minnesota corporation; ANDREW
      ZICKELL, an individual; SUSAN
18    WILLIAMS, an individual; and
      ROBERT MONACO, and individual;
19    and DOES 1 through 10, inclusive,

20                    Defendants.

21

22

23

24

25

26

27

28

**1.   PURPOSES AND LIMITATIONS OF THIS ORDER**

Discovery activity in this action is likely to involve production of confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than prosecuting this litigation.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with L.R. 79-5.1 et seq. if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

**GOOD CAUSE STATEMENT**

This action is likely to involve highly confidential information and/or trade secrets, including but not limited to customer lists and other valuable research, attorney client communication and opinions, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.    DEFINITIONS

**2.1    Challenging Party**:  a Party or Non-Party that challenges the designation of information or items under this Order.

**2.2    "CONFIDENTIAL" Information or Items**:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**2.3    Counsel (without qualifier)**:  Outside Counsel of Record and House Counsel (as well as their support staff).

**2.4    Designating Party**:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.5    Disclosure or Discovery Material**:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6    Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

**2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items,"

3

disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means

**2.8** <u>**House Counsel**</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8** <u>**Non-Party**</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9** <u>**Outside Counsel of Record**</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.10** <u>**Party**</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.11** <u>**Producing Party**</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12** <u>**Professional Vendors**</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, jury consultation services or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13** <u>**Protected Material**</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Plaintiffs have designated the exhibits which were filed under seal in connection with Plaintiffs' Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re Issuance of Preliminary Injunction as Protected Material under this paragraph and as Highly Confidential--Attorney Eyes Only under paragraph 2.7 above.

**2.14** <u>**Receiving Party**</u>:  a Party that receives Disclosure or Discovery Material

from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information and is currently in possession of the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Over-Designation Prohibited**.  Any Designating Party who designates

information or items for protection under this Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated.

Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited.

Unjustified designations expose the Designating Party to sanctions, including the Court's striking all confidentiality designations made by that Designating Party. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm.  Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all parties that it is withdrawing the mistaken designation.

**5.2**    **Manner and Timing of Designations**.  Designation under this Order requires the Designating Party to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material.  For testimony given in deposition or other proceeding, the Designating Party shall specify all protected testimony and the level of protection being asserted.  It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from receipt of the final transcript of the deposition or proceeding to make its designation.

**5.2.1**  A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the

inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

   **5.2.2**  Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used.  The use of a document as an exhibit at a deposition shall not in any way affect its designation.  Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.  After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

  **5.3** <u>**Inadvertent Failures to Designate**</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

  All challenges to confidentiality designations shall proceed under L.R. 37-1

through L.R. 37-4.  A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  If the Parties cannot resolve a challenge without court intervention, the burden of persuasion with respect to the level of confidentiality of the Protected Material in any such challenge proceeding shall be on the Designating Party.

**7.**     **ACCESS TO AND USE OF PROTECTED MATERIAL**

     **7.1**     **Basic Principles**. A Receiving Party may use Protected Material only for this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

     **7.2**     **Disclosure of "CONFIDENTIAL" Material**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

     **7.2.1**     The Receiving Party's Outside Counsel of Record in this action and employees of Outside Counsel of Record to whom disclosure is reasonably necessary;

     **7.2.2**     The Receiving Party and officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

     **7.2.3**     Experts retained by the Receiving Party's Outside Counsel of Record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

     **7.2.4**     The Court and its personnel;

     **7.2.5**     Outside court reporters and their staff;

     **7.2.6**     Professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**7.2.7**     During their depositions, witnesses in the action to whom disclosure is reasonably necessary, who have signed the Agreement to Be Bound (Exhibit A), and who have agreed to the disclosure, without prejudice to the Designating Party contending that such disclosure is unnecessary for the purpose of the litigation and limiting access in whole or in part; and

**7.2.8**     The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information without prejudice to the Designating Party contending that such disclosure is unnecessary for the purpose of the litigation and limiting access in whole or in part.

**7.2.9**     To the extent that the (i) witness's refusal to satisfy the conditions to viewing the Confidential Material or (ii) Designating Party's objections to disclosure prevent the material from being shown to the witness, counsel for the Parties shall meet and confer to attempt to resolve the disputes. Matters which cannot be resolved will be resolved through the procedures set forth in L.R. 37-1 through 37-4 and paragraph 12 of this Order, as appropriate.

**7.3**     **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Material:**  Unless permitted in writing by the Designating Party, a Receiving Party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**7.3.1**  The Receiving Party's Outside Counsel of Record in this action and employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information although it is acknowledged that the Designating Party retains the right to request additional limitations or protections with respect to certain Protected Material including provisional patent applications and attorney-client privileged patent communications and, if the Parties cannot agree, to seek such additional protections under paragraph 12 below;

**7.3.2**  The Court and its personnel;

**7.3.3**  Outside court reporters and their staff;

**7.3.4**  Professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**7.3.5**  The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information, but only in the following manner:  Outside Counsel of Record shall be entitled to present to those persons qualifying under this paragraph the documents they authored or received or otherwise possessed prior to the filing of this action, so long as the presentment is either in person or by shared computer screen and does not include providing a separate copy, hard copy or electronic, to the persons qualifying under this paragraph.  Screenshots or other means of saving or reproduction of the material for the person's possession are not permitted.  In the case of deposition exhibits containing material, the exhibits will be marked and segregated as provided in this Order but the marked exhibits containing the material shall be maintained by Outside Counsel of Record and shall not be communicated in hard copy or electronic form to the persons qualifying under this paragraph without the permission of the Designating Party or order of the Court.

**7.4**  **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material to In-House Counsel or Experts**.  Unless agreed to in writing by the Designating Party:

**7.4.1**  A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the Designating Party providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.  Unless the in-house counsel has signed the Agreement to Be Bound (Exhibit A) pursuant to paragraph 7.2.2, the in-house counsel must sign the

Agreement to Be Bound (Exhibit A) prior to disclosure.  The Designating Party retains the right to request additional limitations or protections with respect to certain Protected Material designated HIGHLY CONFIDENTIAL—ATTORNEY EYES ONLY including provisional patent applications and attorney-client privileged patent communications and, if the Parties cannot agree, to seek such additional protections under paragraph 12 below.

**7.4.2**  A party seeking to disclose to an expert retained by Outside Counsel of Record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the Designating Party that (1) identifies the general subject matter area where the expert's participation is required; (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s) and (5) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (5) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the Designating Party regarding any such confidentiality obligations.  Unless the expert has signed the Agreement to Be Bound (Exhibit A) pursuant to paragraph 7.2.3, the expert must sign the Agreement to Be Bound (Exhibit A) prior to disclosure under this paragraph.

**7.4.3**  A party that makes a request and provides the information specified in paragraphs 7.4.1 or 7.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the Designating Party providing detailed grounds

for the objection.

**7.4.4**  All challenges to objections from the Designating Party under 7.4.3 to the anticipated disclosure of HIGHLY CONFIDENTIAL—ATTORNEY EYES only material shall proceed under L.R. 37-1 through L.R. 37-4 or paragraph 12 of this Order, as appropriate.

## 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

**8.1**     **Promptly notify in writing the Designating Party**.  Such notification shall include a copy of the subpoena or court order;

**8.2**     **Promptly notify in writing the party who caused the subpoena or order to issue** in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

**8.3**     **Cooperate with respect to all reasonable procedures** sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.** **FILING UNDER SEAL**

Without written permission from the Designating Party or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1 et seq. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the Designating Party will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Receiving Party's request to file designated material under seal pursuant to L.R. 79-5.1 et seq. is denied by the Court, then the Receiving Party may file the material in the public record unless (1) the Designating Party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

**11.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

13

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   **MISCELLANEOUS**

**12.1**   **Right to Further Relief**:  This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Protective Order.  The Court retains jurisdiction to make any amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate.

**12.2**   **Right to Assert Other Objections**:  The procedures set forth herein shall not relieve a party of the necessity of making timely responses or objections to discovery requests.  Entering into this Protective Order shall not be construed as a waiver of any right to object to the furnishing of documents and/or information in response to discovery based on other grounds including, without limitation, that the information sought is privileged, confidential, protected from disclosure by third-party or other privacy rights, irrelevant, burdensome, or otherwise non-discoverable or inadmissible at trial or other proceedings in this litigation.

**12.3**   **No Other Rights Waived**:  This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any proprietary information or trade secrets.  The fact that any document or information is disclosed, used, or produced in discovery or trial herein shall not be admissible evidence in any action or proceeding before

any court, agency, or tribunal on the issue of whether or not such document or information is confidential or proprietary.

### 13.   **ADDITION OF PARTIES**

To the extent that Counsel or parties join this action after entry of the Protective Order, such Counsel and parties shall be entitled to access Protected Material in accordance with the terms of this Protective Order upon execution of the Protective Order and, as appropriate the Acknowledgement and Agreement to Be Bound.

### 14.   **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material including any pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

//

//

1    product, even if such materials contain Protected Material.  Any such archival copies

2    that contain or constitute Protected Material remain subject to this Order.

3           IT IS HEREBY STIPULATED BETWEEN THE PARTIES, BY AND

4    THROUGH THEIR COUNSEL OF RECORD.

5

6    DATED:  September 17, 2020          HAYNES AND BOONE, LLP

7

8                                       By:___/s/Mark D. Erickson_____
                                            Mark D. Erickson
9                                           *Attorneys for Plaintiffs CoreLogic*
                                            *Solutions, LLC and Marshall &*
10                                          *Swift/Boeckh, LLC*

11   DATED:  September 17, 2020          FREDRIKSON & BYRON, P.A.

12

13                                      By:___/s/Kurt J. Niederluecke_____
                                            Kurt J. Niederluecke
14                                          Attorneys for Defendants Geospan
                                            Corporation, Andrew Zickell, Susan
15                                          Williams, and Robert Monaco

16          Good cause appearing therefor,

17   IT IS SO ORDERED.

18

19   DATED: September 18, 2020

20                                      _____

21                                      Karen E. Scott
                                        United States Magistrate Judge
22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *CoreLogic Solutions, LLC et al v. Geospan Corporation et al.*, No. 8:20-cv-01500-CJC (KESx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

17