

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CORELOGIC SOLUTIONS, LLC, a California limited liability company; and MARSHALL & SWIFT/BOECKH, LLC, a Delaware limited liability company,<br><br>        Plaintiffs,<br><br>   vs.<br><br>ANDREW ZICKELL, an individual; SUSAN WILLIAMS, an individual; and ROBERT MONACO, and individual; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. 8:20-CV-01500 SB (KESx)<br><br>**STIPULATED PERMANENT INJUNCTION**<br><br>Judge:  Hon. Blumenfeld Jr. |

Plaintiffs CoreLogic Solutions LLC and Marshall & Swift/Boeckh, LLC (collectively, "CoreLogic" or "Plaintiffs) and Defendants Andrew Zickell, Susan Williams, and Robert Monaco (collectively, "Defendants"), by and through their counsel, hereby stipulate and consent to the entry of this Permanent Injunction ("Injunction"):

IT IS HEREBY ORDERED THAT:

A. The parties have signed settlement agreements stipulating to entry of a permanent injunction.

B. This Court has jurisdiction of the subject matter hereof and the parties hereto.

C. Venue is proper in this Court.

D. The parties shall comply with all obligations of the Confidential Settlement Agreement he or she entered into on December 17, 2021.

E. The injunctive provisions of this Injunction shall apply to Defendants Andrew Zickell, Susan Williams, and Robert Monaco.

F. Defendants are permanently enjoined and restrained from directly or indirectly using, accessing, sharing, or disclosing (except as required by the provisions of this Injunction to return defined items) any documents, files, or materials constituting CoreLogic Confidential Information (as defined below) in any form, including without limitation privileged and/or non-public confidential materials which Defendants obtained based on Defendants' former employment at CoreLogic.

G. Defendants represent that aside from the CoreLogic Confidential Information Defendants will return to CoreLogic's counsel pursuant to this Injunction, Defendants no longer have access to any documents, files, or materials, whether electronic or physical, that Defendants took or retained from CoreLogic during or after leaving employment with CoreLogic, other than non-trade secret items such as, for instance, payroll stubs, employee benefit notices, W4 forms and similar.

H. Defendants represent that Defendants will not directly or indirectly use, access, share, or disclose (except as required by the provisions of this Agreement to return defined items) any documents, files, or materials constituting CoreLogic Confidential Information in any form, including without limitation privileged and/or non-public confidential materials which Defendants obtained based on Defendant's former employment at CoreLogic. Defendants further represent that Defendants will not use, access, share, or incorporate CoreLogic Confidential Information in any form in any current or future professional or personal endeavor.

I. For purposes of this Injunction, CoreLogic Confidential Information shall mean (1) communications between any of the Defendants and any CoreLogic attorney, including both inside and outside counsel, (2) communications between any of the Defendants and any other CoreLogic employees reflecting privileged information, (3) non-public information relating to TruClaim or any financial projections thereof, (4) non-public information relating to SkyMeasure or any financial projections thereof, (5) non-public information relating to third parties that CoreLogic received pursuant to a non-disclosure agreement, (6) any CoreLogic lists of CoreLogic's actual, potential, or target customers or vendors, and (7) sales and marketing strategies that were internal to and developed by or for CoreLogic but excluding general industry knowhow. CoreLogic Confidential Information shall not include information Defendants independently acquired through public sources or sources other than CoreLogic provided that such acquisition was rightful and not the result of any breach or violation by those sources.

J. No later than three weeks after the date this Injunction is entered, each Defendant shall deliver possession of all CoreLogic Confidential Information in each Defendant's possession to CoreLogic's counsel. Thereafter, if a Defendant discovers that any additional CoreLogic Confidential Information remain in his or her possession, that Defendant must notify CoreLogic's counsel within ten days of the discovery to arrange for the immediate return of such CoreLogic Confidential Information.

K.      Pursuant to a protocol reasonably agreed upon with CoreLogic, Defendant Zickell shall grant access to all devices and accounts (including, but not limited to, laptops, desktops, storage devices, and Google accounts) within his possession that either currently contain or may have contained CoreLogic Confidential Information so that the permanent deletion of the CoreLogic Confidential Information may be completed and confirmed through a forensic audit with a forensic neutral, at CoreLogic's cost.  CoreLogic shall provide the names of three forensic neutrals and Defendant Zickell shall select one of the three within 3 business days.  Insofar as the neutral believes feasible, the access granted can be remote.

L.      Pursuant to a protocol reasonably agreed upon with CoreLogic, Defendant Williams shall grant access to all devices and accounts (including, but not limited to, laptops, desktops, storage devices, and Google accounts) within her possession that either currently contain or may have contained CoreLogic Confidential Information so that the permanent deletion of the CoreLogic Confidential Information may be completed and confirmed through a forensic audit with a forensic neutral, at CoreLogic's cost.  CoreLogic shall provide the names of three forensic neutrals and Defendant Williams shall select one of the three within 3 business days.  Insofar as the neutral believes feasible, the access granted can be remote.

M.      Pursuant to a protocol reasonably agreed upon with CoreLogic, Defendant Monaco shall grant access to all devices and accounts (including, but not limited to, laptops, desktops, storage devices, and Google accounts) within his possession that either currently contain or may have contained CoreLogic Confidential Information so that the permanent deletion of the CoreLogic Confidential Information may be completed and confirmed through a forensic audit with a forensic neutral, at CoreLogic's cost.  CoreLogic shall provide the names of three forensic neutrals and Defendant Monaco shall select one of the three within 3 business days.  Insofar as the neutral believes feasible, the access granted can be

remote.

N. The August 12, 2020 complaint filed by CoreLogic against Defendants and the October 30, 2020 cross-complaint filed by Defendants against CoreLogic are hereby DISMISSED WITH PREJUDICE.

O. Each party to bear its own fees and costs, including costs incurred in furtherance of the actions described in Paragraphs J through M of this Injunction.

P. Jurisdiction is retained by the Court for the purpose of enabling any party to the Injunction to apply to the Court for equitable relief as it relates to this Injunction.

SO STIPULATED

Dated: December 20, 2021

Brittani A. Jackson, Esq.
Counsel for Plaintiffs CoreLogic Solutions LLC and Marshall & Swift/Boeckh, LLC

Dated: December 20, 2021

/s/ Anthony L. Lanza
Anthony L. Lanza
Counsel for Defendants Zickell, Williams, and Monaco

SO ORDERED

Dated: December 20, 2021

Stanley Blumenfeld, Jr.
United States District Judge